UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| DENNIS W. KERNS, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA )<br>*et al.*, )<br>)<br>    Defendants. ) | Civil Action No. 3:12CV490-JRS |

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on a Motion to Dismiss filed by Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Samuel I. White, P.C. ("White") (ECF No. 6) as well as a separate Motion to Dismiss filed by the United States of America (ECF No. 14). Plaintiff seeks damages and to quiet title to property that was sold pursuant to a foreclosure sale. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons discussed below, the Motion to Dismiss filed by the United States will be DENIED and the Motion to Dismiss filed by Wells Fargo and White will be GRANTED.

### **I. BACKGROUND**

On October 15, 2009, Plaintiff obtained a home mortgage loan from Prosperity Mortgage Company, GP for a residence located at 608 Fairystone Court in Highland Springs, Virginia. In connection with the loan, Plaintiff executed a Note naming Wells

1

Fargo as the holder, and a Deed of Trust appointing White as trustee. At some point, Plaintiff was notified that he was in default for failure to make mortgage payments, and that Wells Fargo would proceed with acceleration of the Note and a foreclosure sale if Plaintiff did not pay the total delinquency against his account by July 20, 2010.

On August 10, 2010, Plaintiff filed a voluntary Chapter 13 petition in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division. *See In re Dennis Wayne Kerns, Jr.*, No. 10-35534-KRH (Bankr. E.D. Va. 2011). Pursuant to 11 U.S.C. § 362, the bankruptcy petition automatically stayed the enforcement of preexisting creditor liens, including the Deed of Trust and Note against Plaintiff, while the bankruptcy proceedings were pending. Therefore, White, on behalf of Wells Fargo, filed a Motion for Relief from the Stay in the Bankruptcy Court on November 18, 2010. Upon the parties' agreement, the Bankruptcy Court issued a Consent Order Granting Modification of the Stay on January 4, 2011, directing that Plaintiff make future monthly payments and cure the arrearages due from October to December 2010. The Consent Order also created a payment plan for Plaintiff, specified the notice-of-default procedures required if Plaintiff breached the Consent Order, and explained the avenues of relief available to Plaintiff upon notification of a default.

Wells Fargo issued notice on May 6, 2011 that Plaintiff violated the Consent Order by failing to make required payments and that a certificate of default would be filed with the Bankruptcy Court unless Plaintiff submitted payment or an objection within fourteen (14) days. Having received no such payment or objection, Wells Fargo filed a Certification of Default with the Bankruptcy Court on May 26, 2011, and the Bankruptcy

Court entered an Order Terminating the Stay on June 2, 2011, thus allowing Wells Fargo to enforce the Deed of Trust. On behalf of Wells Fargo, White conducted a foreclosure sale of the property on August 23, 2011. Wells Fargo purchased the property at the foreclosure sale with the financial backing of the Secretary of Veteran Affairs.

Plaintiff filed suit in this Court against Wells Fargo, White, and the United States of America, through the Secretary of Veteran Affairs, on July 5, 2012. In Count One, Plaintiff alleges that Wells Fargo breached Paragraph 22 of the Deed of Trust and Paragraph 7(C) of the Note (1) by failing to explicitly state that Plaintiff had a right to file a court action to defend against acceleration and foreclosure, and (2) by failing to provide the required 30-day notice of default and the possible acceleration and foreclosure. Specifically, Plaintiff alleges that although he received a notice letter dated on June 20, 2010, this letter was not actually mailed until June 21, 2010, which is within 29, rather than 30, days of the July 20, 2010 deadline to cure a default. In Count Two, Plaintiff alleges that the foreclosure sale and trustee's deed were void, or alternatively, voidable as premature as a result of the alleged 29-day notice. Finally, in Count Three, Plaintiff alleges that Wells Fargo breached an implied contractual covenant of good faith and fair dealing. For these reasons, Plaintiff claims that he has superior title.

On August 17, 2012, Wells Fargo and White filed a Motion to Dismiss (ECF No. 6) pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that the pleadings do not allege that Plaintiff complied with Paragraph 20 of the Deed of Trust, under which a party claiming that the other party has breached the Deed of Trust must provide notice and reasonable time for the other to cure before initiating judicial action. Further, Wells

3

Fargo and White argue that even if Plaintiff were not barred from filing suit by the provisions of the Deed of Trust, Plaintiff has not sufficiently alleged that the notice letter was mailed in breach of the Deed of Trust and Note, and thus, that the foreclosure and trustee's deed are void. Wells Fargo and White also claim that Plaintiff has not sufficiently alleged that any breach in the notice letter's explanation of Plaintiff's right to pursue legal action was a material breach. Finally, Wells Fargo and White also move to dismiss because the implied covenant of good faith and fair dealing only applies to contracts governed by the Uniform Commercial Code, which "expressly excludes the transfer of realty from its provisions." (Mem. Supp. Def.'s Mot. Dismiss 8, ECF No. 7) (internal citations and quotations omitted.)

On September 25, 2012, the United States filed a Motion to Dismiss (ECF No. 14) pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff's claim is barred by the doctrine of *res judicata*, which prohibits a party from attempting to re-litigate an already-decided claim or issue between the same parties. Specifically, the United States argues that Plaintiff conceded his default in the Consent Order and failed to assert any problems with the notice of default during the bankruptcy proceedings. Accordingly, the United States argues that Plaintiff's claims before this Court are barred because the issues involving Plaintiff's liability for default were either raised or could have been raised in the bankruptcy proceeding. The Court turns first to the Motion to Dismiss filed by the United States to determine whether *res judicata* bars litigation of Plaintiff's claims in this Court.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of a complaint, rather than the facts supporting it. *See Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). A court ruling on a Rule 12(b)(6) motion must take as true all of the plaintiff's well-pleaded allegations and should view the complaint in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). In order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted). The plaintiff need not plead facts constituting a prima facie case in order to survive a motion to dismiss. *See Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). However, the complaint must "state a claim for relief that is plausible on its face," *Twombly*, 550 U.S. at 570, and the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 555.

## III. DISCUSSION

### A. Motion to Dismiss filed by the United States

The United States moves to dismiss on the ground that Plaintiff's claims are barred by the doctrine of *res judicata*, and therefore, Plaintiff fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). *Res judicata* "dictates that there be an end to litigation," and bars subsequent litigation either of the same claim (claim preclusion) or same issues (issue preclusion). *U.S. v. Mumford*,

5

630 F.2d 1023, 1027 (4th Cir. 1980). Although the United States has not explicitly stated which form of *res judicata* it relies upon, the test for claim preclusion is most appropriate in this case. Claim preclusion bars subsequent litigation "only when the prior judgment was returned by a court of competent jurisdiction, when the prior judgment was a final judgment on the merits, when the same parties and their privies are involved in both suits, when the two actions are based on the same issues and material facts and when the two proceedings present the same cause of action." *Mumford*, 630 F.2d at 1027. "[N]ot only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991) (internal citations omitted).

To prove that *res judicata* bars Plaintiff's cause of action, the United States must first prove that the bankruptcy proceedings resulted in a final judgment on the merits in a court of competent jurisdiction. *See Mumford*, 630 F.3d at 1027. Bankruptcy courts are courts of competent jurisdiction, and "[t]he normal rules of res judicata and collateral estoppel apply to the decisions of bankruptcy courts." *Turshen v. Chapman*, 823 F.2d 836, 839 (4th Cir. 1987). The United States maintains that the Consent Order and the subsequent order terminating the stay constitute a final judgment on the merits. Upon considering the preclusive effect of consent judgments, the Fourth Circuit has held that "[i]f the parties intended to foreclose through agreement litigation of a claim, assertion of that claim in a later suit, whether or not formally presented in the earlier action, is precluded . . . Claim preclusion will not apply, however, if the parties intended to settle

6

only one part of a single claim and intended to leave another part open for future litigation." *Keith v. Aldridge*, 900 F.2d 736, 741 (4th Cir. 1990).

In this case, neither the language nor the context of the Consent Order suggest that the parties intended for this order to fully resolve title to the property. Rather, the Consent Order, at most, entitles Wells Fargo to submit a proposed order to the Bankruptcy Court terminating the automatic stay following Plaintiff's default of the Consent Order and the necessary notice of default. The Consent Order and the order terminating the stay both free Wells Fargo to enforce its claim without violating § 362, but do not guarantee that the claim has merit and can be properly enforced through foreclosure. Plaintiff's agreement in the Consent Order to make future monthly payments and to pay arrearages can best be understood as an agreement to not breach the mortgage agreement going forward, rather than as an admission that Wells Fargo was entitled to foreclose on the property. For these reasons, the Court finds that neither the Consent Order nor the subsequent order terminating the stay constitutes a final judgment on the merits such that Plaintiff can be precluded from asserting his claims in this Court. The United States' Motion to Dismiss is hereby DENIED.

### B. Motion to Dismiss filed by Wells Fargo and White

In support of their Motion to Dismiss, Wells Fargo and White first argue that Plaintiff is barred from filing this suit because Plaintiff has not demonstrated his compliance with Paragraph 20 of the Deed of Trust, under which a party claiming that the other party has breached the Deed of Trust must provide notice and reasonable time for the other to cure before initiating judicial action. Paragraph 20 provides as follows:

7

> Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. (Compl. Ex. B ¶ 20, ECF No. 1-2.)

Paragraph 15 requires that "[a]ll notices given by Borrower or Lender in connection with this Security Instrument must be in writing." (Compl. Ex. B ¶ 15, ECF No. 1-2.)

Paragraph 20 is identical to provisions found by this Court to preclude litigation when the party alleging a violation of the agreement has failed to comply with a contractual obligation to provide notice and an opportunity to cure before filing suit. *See Niyaz v. Bank of Am.*, 1:10cv796, 2011 U.S. Dist. LEXIS 156 at *5-6 (E.D. Va. Jan. 3, 2011); *Johnson v. Countrywide Home Loans, Inc.*, 1:10cv1018, 2010 U.S. Dist. LEXIS 131112 at *6-7 (E.D. Va. Dec. 10, 2010). However, courts have also held that claims which exist independent from any contractual agreement between the parties, such as allegations of deceptive business practices, are not subject to the notice and cure provisions which otherwise apply. *See Stovall SunTrust Morg., Inc.*, No. RDB-10-2836, 2011 U.S. Dist. LEXIS 106137, at *19-20 (D. Md. Sept. 20, 2011) (finding that a notice-and-cure provision in the deed of trust did not require dismissal of the borrower's claims since the majority of the claims involved allegations of deceptive business practices); *Gerber v. First Horizon Home Loans Corp.*, No. 05-1554P, 2006 U.S. Dist. LEXIS 12225, at *7-8 (W.D. Wash. Mar. 8, 2006) (dismissing a borrower's cause of action for breach of contract due to the borrower's failure to comply with a notice-and-cure

8

provision, but allowing a claim under the Consumer Protection Act to proceed because this "cause of action, which involves allegations of deceptive business practices, clearly exists independent of any contract between the parties.")

In this case, Plaintiff presents only claims that arise directly from actions taken pursuant to the Note and Deed of Trust. Count One of Plaintiff's Complaint alleges that Defendant acted in violation of specific provisions of the Note and Deed of Trust. Count Two alleges that the subsequent foreclosure and Trustee's Deed are void or voidable due to Defendant's alleged violation of the Note and Deed of Trust. Finally, Count Three alleges that Defendant violated an implied covenant of good faith and fair dealing contained within the Note and Deed of Trust. Accordingly, Paragraph 20 applies to each of Plaintiff's claims, and he was required by this agreement to provide Defendant with notice of his claims and an opportunity to cure before filing suit. Plaintiff makes no argument that he complied with Paragraph 20. For these reasons, the Court GRANTS the Motion to Dismiss filed by Wells Fargo and White and DISMISSES the Complaint against both defendants.

Moreover, the Court finds that Plaintiff's failure to comply with the notice-and-cure provision of the Deed of Trust also calls for the dismissal of the Complaint against the United States. Plaintiff has filed suit against the United States as a result of the United States' conduct with respect to the Note and Deed of Trust. Therefore, the requirements of Paragraph 20 apply with equal force as to Plaintiff's claims against the United States. For this reason, and for the reasons stated above, the Court DISMISSES the Complaint against the United States.

## V. CONCLUSION

For the above reasons, the Court DENIES the Motion to Dismiss filed by the United States and GRANTS the Motion to Dismiss filed by Wells Fargo and White. The Court DISMISSES the Complaint against each of the Defendants.

An appropriate Order shall issue.

/s/
Henry E. Hudson
United States District Judge

Dated: Nov. 20, 2012
Richmond, Virginia